<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ZENO JUSTIN DAVIDSON,               :
                                    :   Civil Action No. 16-3704 (JMV)
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
CHARLES GREEN,                      :
                                    :
            Respondent.             :
_____:

APPEARANCES:

Anthony J. Fusco, Jr.
Fusco & Macaluso LLC
150 Passaic Avenue
P.O. Box 838
Passaic, NJ 07055
    On behalf of Petitioner

Durwood Heinrich Riedel
U.S. Dept. of Justice
Civil Division, OIL-DCS
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
    On behalf of Respondent

**VAZQUEZ**, United States District Judge

This matter comes before the Court upon the petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Petitioner Zeno Justin Davidson (ECF No. 1), and the Respondent's answer and brief opposing the petition (ECF Nos. 8, 11, 12).  For the reasons set forth below, the petition is dismissed without prejudice.

I.     FACTUAL BACKGROUND

Petitioner is a native and citizen of St. Lucia, admitted to the United States as a nonimmigrant visitor for pleasure on or about December 10, 1994, with authorization to remain in the United States for not more than six months. (ECF No. 8-1 at 4.) Petitioner overstayed his visa. (*Id.*) During his overstay, he was convicted in the City of New York of three separate offenses for criminal sale of marijuana as well as four separate offenses of criminal possession of marijuana. (*Id.*) On October 21, 2015, U.S. Immigration and Customs Enforcement ("ICE") issued Petitioner a Notice to Appear ("NTA") and took him into custody, charging him with removability for his convictions of controlled-substance offenses and for overstaying his nonimmigrant visa. (*Id.* at 2-4.) Petitioner was detained under 8 U.S.C. § 1226(c)(1)(b) (mandatory custody for any alien deportable by reason of having committed any offense covered in 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)). (ECF No. 8-1 at 9-10.)

Petitioner conceded removability on December 14, 2015. (ECF No. 8-1 at 14, ¶5.) At a hearing on January 20, 2016, an Immigration Judge ("IJ") denied Petitioner's motion for a change in custody status. (ECF No. 8-1 at 26.) On June 22, 2016, Petitioner filed the present petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from ICE custody. (ECF No. 1 at 14.)

After several continuances, on July 25, 2016, the IJ denied Petitioner's applications for relief from removal, withholding of removal and deferral of removal, and ordered him removed. (ECF No. 8-1 at 15, ¶11.) Petitioner appealed on August 3, 2016. (*Id.*, ¶12.) On December 16, 2016, the Board of Immigration Appeals' ("BIA") issued denied Petitioner's appeal of the IJ's order. (ECF No. 11-1 at 4-6.) Respondent contends Petitioner's removal order became administratively final on December 16, 2016, subjecting him to detention under 8 U.S.C. §

1231(a). (ECF No. 11.) Respondent subsequently submitted a letter advising the Court that Petitioner, as of the January 17, 2017 deadline, had not filed a petition for review in the Third Circuit Court of Appeals, to appeal the BIA's December 16, 2016 Order. (ECF No. 12 at 1.)

In his petition, Petitioner argued his detention exceeding eight months without a bond hearing was unreasonably prolonged under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 230 (3d Cir. 2011). (ECF No. 1, ¶25.) Petitioner further alleged that his convictions did not provide a basis for detaining him under the statute. (*Id.*)[1] Petitioner seeks supervised release. (*Id.*, ¶30.) Petitioner also argued that his continued detention "contravenes 8 U.S.C. § 1231(a)(6) as is interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001). The six months presumptively reasonable period for removal efforts has long since expired." (*Id.*, ¶40.)

Respondent opposes habeas relief. (ECF Nos. 8, 11, 12) Respondent contends that Petitioner's failure to file a timely petition for review of his removal order in the Third Circuit precludes his detention from reverting from final removal order detention under § 1231(a) back to pre-removal order detention under § 1226(c). (ECF No. 12 at 1-2.) Thus, according to Respondent, his claim under § 1226(c) is moot, and his claim under § 1231(a) is premature under *Zadvydas*. (*Id.* at 2.)

---

[1] "No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). However, 8 U.S.C. §1226(e) "does not limit habeas jurisdiction over constitutional claims or questions of law." *Sylvain v. Attorney General of U.S.*, 714 F.3d 150, 155 (3d Cir. 2013) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). Petitioner did not attack the constitutionality of 8 U.S.C. § 1226(c) or any BIA interpretation of the statute. Therefore, his claim that his convictions did not provide a basis for detaining him, contrary to a determination made by the Immigration Court in a *Joseph* hearing, is not reviewable by a habeas court.

II.     DISCUSSION

The order of removal against Petitioner became final when the Board of Immigration Appeals dismissed his appeal.  8 C.F.R. § 1241.1(a) (stating that an order of removal from an Immigration Judge becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals").  Petitioner's pre-removal-order claim for habeas relief can no longer be redressed because he is no longer detained under § 1226(c).  *Rodney v. Mukasy*, 340 F. App'x 761, 764 (3d Cir. 2009); *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (per curiam).  Therefore, the Court need not analyze Petitioner's claim that his pre-removal order detention is constitutionally unreasonable under *Diop*.  Furthermore, the capable of repetition yet evading review exception to mootness does not apply when the petitioner's detention can no longer revert back to pre-final removal order detention.  *See Ufele*, 473 F. App'x at 146 n.2 (distinguishing *Diop*, whose claim was capable of repetition because the Government could detain him under § 1226(c), if the vacatur of his conviction was overturned on appeal).

Petitioner also argued that his detention was unreasonably prolonged under *Zadvydas*.  As noted above, Petitioner became subject to final removal order detention on December 16, 2016.  Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A). During this removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a) (2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely pending removal, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689.  The Court established six months as a presumptively reasonable period

4

of post-removal-order detention. *Id.* at 701. To state a claim for habeas relief under § 2241, an alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Once the petitioner has met this burden, the Government must respond with evidence sufficient to rebut that showing. *Id.*

In this case, Petitioner's order of removal became final on December 16, 2016, when the Board of Immigration Appeals dismissed his appeal. This started his six-month *Zadvydas* detention period, which will not expire until June 16, 2016. *See Hendricks v. Reno*, 221 F. App'x 131, 133 (3d Cir 2007) (holding that the Zadvydas six-month period is calculated independent from the length of a petitioner's pre-removal-order detention); *Taylor v. Att'y Gen. of U.S.*, 241 F. App'x 6, 9 (3d Cir. 2007) (same)). Accordingly, Petitioner's challenge to his post-removal-order immigration detention is premature and will be denied without prejudice. If the United States fails to execute the order of removal within a reasonable time, Petitioner may reassert a habeas claim under *Zadvydas*.

III.   CONCLUSION

For the foregoing reasons, the petition is denied without prejudice. An appropriate Order follows.

Date March 24, 2017
At Newark, New Jersey

                                       s/ John Michael Vazquez
                                       JOHN MICHAEL VAZQUEZ
                                       United States District Judge